UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE                              )
                                   )
ORAL F. SEKENDUR                   )    No. 05 B 00739
                                   )
        Debtor.                    )

### MEMORANDUM OPINION FOR ORDER STRIKING AND DENYING WITH PREJUDICE DEBTOR'S MOTIONS TO FIND DENT-A-MED, INC. AND ANOTO AB IN VIOLATION OF STAY

Debtor Oral F. Sekendur ("Debtor or Sekendur") has had a long history in bankruptcy wherein several judges have found him to have abused the law and his obligations.[1] Because of similar misconduct and omissions here, this third and latest case was dismissed by the undersigned with an injunction prohibiting Debtor from refiling a new case except on notice to all creditors herein and leave of this Court, with tender of all fees due to the Clerk for this case and any future case, and by motion demonstrating favorable change of circumstances and offer to file schedules that would be consistent and coherent. Thus far he has not met all these requirements in his two efforts to do so. Because those efforts are asserted to have been frivolous and directly violated the dismissal order and injunction, creditors Dent-A-Med, Inc. ("Dent") and Anoto AB ("Anoto") have each moved to find Debtor in civil contempt and seek attorney's fees for their fees incurred. Those motions are pending.

Debtor now seeks to return the favor by his present motions to find each of those creditors in violation of the stay under 11 U.S.C. § 362. The motions are facially frivolous for reasons stated below.

---

[1] In re Sekendur, 04 B 02173 (Bankr. N.D. Ill. 2004); In re Sekendur, 04 B 18834 (Bankr. N.D. Ill. 2004); In re Sekendur, 04 CV 5030 (N.D. Ill. 2004); Sekendur v. Anoto AB, 04 C 5029 (N.D. Ill. 2004); In re Sekendur, 04-4156 (7th Cir. 2005) (unpublished order).

## FILING AND DISMISSAL OF THIS BANKRUPTCY CASE

On January 11, 2005, Sekendur filed this case (his third Chapter 13 bankruptcy case) which he converted to Chapter 7 on February 23, 2005. The case was dismissed by order signed March 23, 2005 and docketed on March 24, 2005.

## ALLEGATIONS AGAINST ANOTO

1. That on March 21, 2005, before this case was dismissed, Anoto allegedly violated the automatic stay pending in this case by filing in the Seventh Circuit Court of Appeals a pleading responding to Sekendur's appeal filed in that court.

2. That during January and February 2004, Anoto took steps involving Debtor's claimed patent which assertedly violated the stay in his first Chapter 13 bankruptcy Case No. 04 B 02173 assigned to another bankruptcy judge and dismissed February 19, 2004.

3. That during May of 2004, Anoto violated the stay in Sekendur's second Chapter 13 bankruptcy Case No. 04 B 18834, a case assigned to another bankruptcy judge, later dismissed June 22, 2004. The alleged violation is asserted to have been the filing by Anoto of a response to a Sekendur pleading and by failing to notify the court of automatic stay.

4. Further alleged violations of stay assertedly occurred in June 2004, claimed to be Anoto's opposition pleading filed to Sekendur's motion is in a nonbankruptcy court, and related appearances in that case while Debtor's second bankruptcy case was pending.

## ALLEGATIONS AGAINST DENT-A-MED, INC.

1. While the first bankruptcy case was pending, it is alleged that Dent's lawyer:

    (a) allowed an . . . "illegal bench warrant" to issue for Sekendur's arrest, apparently on order of District Judge Leinenweber, a warrant based on the lawyer's asserted misrepresentation to the District Judge that the bankruptcy case had been dismissed.

-2-

2. During pendency of his second bankruptcy case, he asserts that counsel for Dent appeared before Judge Leinenweber to set a briefing schedule on contempt motion, and later filed a fee affidavit, and that those findings "eventually lead to a judgment of $20,005.25, which forced assignment of Sekendur's patent assets . . .."

3. During pendency of this bankruptcy case (the third case) Dent allegedly violated the stay by filing several days before this case was dismissed a response to Sekendur's appeal before the Seventh Circuit.

## DISCUSSION

To the extent Sekendur complains of actions before Judge Leinenweber and orders entered by him, and complains of steps taken by creditors' counsel that might have caused Judge Leinenweber's rulings, all of those being while prior bankruptcy cases were pending, such allegations (a) constitute collateral attacks on the validity of Judge Leinenweber's orders over which the undersigned lacks jurisdiction, and (b) constitute complaints about asserted violations of stay in bankruptcy cases not assigned to the undersigned, over which authority is lacking here.

## DEFENSIVE EFFORTS TO OPPOSE
## DEBTOR'S INITIATIVES DO NOT VIOLATE THE STAY

To the extent that he complains about defensive efforts taken in other courts to oppose his initiatives while this case was pending, he does not allege violations of the automatic stay.

The automatic stay prohibits the commencement or continuation of an action taken against the debtor. 11 U.S.C. § 362. It is not applicable to actions taken by the debtor. *In re Merrick*, 175 B.R. 333 (9th Cir. BAP 1994). The purpose of the automatic stay is to ensure that creditors do not destroy the estate in a scramble for recovery. *In re Inslaw*, 932 F.2d 1467, 1473 (D.C. Cir. 1991). Fulfillment of that purpose does not mean that any party acting in resistance to the debtor's assertions of debtor's rights is in violation of § 362(a). Therefore, someone defending a suit brought

-3-

by the debtor does not risk a violation of 11 U.S.C. § 362 even though his resistance may burden the rights asserted by the debtor. *Id.* citing *Marin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989).

In *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, the Seventh Circuit found that the automatic stay did not bar a defendant in a prior suit from seeking dismissal of that suit. 892 F.2d 575 (7th Cir. 1989). Since the automatic stay is inapplicable to suits brought by the debtor, there is no policy of preventing persons whom the debtor has sued from protecting their legal rights. *Id.* at 577. The Second and Third Circuits have also held that the automatic stay is applicable only to actions taken against the debtor or actions to seize property of the debtor. *Id.*

The Ninth Circuit BAP in *In re Merrick* stated, "The automatic stay should not tie the hands of the defendant while the plaintiff debtor is allowed free rein to litigate." 175 B.R. 333 (9th Cir. BAP 1994). In *Merrick*, the debtors sued defendants in state court alleging fraud. In response, the defendants filed motions for summary judgment to dismiss suit and for costs. After the state court entered summary judgment in favor of defendants and awarded costs, the Chapter 7 trustee filed a complaint in the bankruptcy court against defendants for willful violations of the automatic stay based on their postpetition pursuit of dismissal and action for costs. The BAP found that the automatic stay was not violated, as the automatic stay does not prevent a defendant from continuing to defend against debtor's pending lawsuit. *Id.* at 336.

In *In re White*, the opinion held that the threshold test for determining a violation of the automatic stay is whether the proceeding was brought against the debtor. 186 B.R. 700, 705 (9th Cir. BAP 1995). In *White*, the Chapter 11 debtor filed a complaint against the City of Santee to collect money. Debtor alleged that the City willfully violated the automatic stay by demurring and obtaining dismissal of his cross-complaint in the state court action. However, because the debtor initiated the

-4-

proceedings, the City was allowed to defend the action. Citing *In re Merick*, it was held that the defendant must be allowed to defend itself from attack. *Id.* at 706.

From the allegations it appears that these creditors were not taking the initiative for their own actions against the debtor through the acts complained of while this bankruptcy case was pending. Rather, they were merely responding to Debtor's actions and asserting their defenses. Therefore, the motions of Sekendur do not state any basis for asserting violations of the stay while this case was pending.

### CONCLUSION

WHEREFORE, by separate orders both motions to modify stay have been stricken and dismissed with prejudice.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 26th day of August 2005.